**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES LANE, III,<br><br>Petitioner,<br><br>v.<br><br>DWIGHT NEVEN et al.,<br><br>Respondents. | Case No. 2:14-cv-00794-APG-PAL<br><br>**ORDER** |

On May 20, 2014, this Court received Petitioner Charles Lane III's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, an application to proceed *in forma pauperis*, and a motion for appointment of counsel. (ECF No. 1, 1-1, 2). The Court granted Petitioner's application to proceed *in forma pauperis*. (ECF No. 3). On September 29, 2014, this Court appointed a Federal Public Defender for the District of Nevada to represent Petitioner. (*Id.*) On July 14, 2015, Petitioner, counseled, filed his First Amended Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. (ECF No. 12). Pending before the Court is Respondents Warden Dwight Neven and the Attorney General of the State of Nevada's motion to dismiss the petition. (ECF No. 16).

**I.     PROCEDURAL BACKGROUND**

On July 30, 2009, after a four-day jury trial, a jury in the Eighth Judicial District Court of the State of Nevada in and for Clark County found Petitioner, counseled, guilty of: (1) conspiracy to commit robbery;  (2) burglary while in possession of a deadly

1  weapon; (3) attempt robbery with use of a deadly weapon;  (4) attempt murder with use
2  of a deadly weapon;  (5) battery with intent to commit a crime; and (6) battery with use
3  of a deadly weapon with substantial bodily harm.  (ECF No. 13-25; ECF No. 13-26).  On
4  August 13, 2009, the State filed a notice of intent to seek punishment as a habitual
5  criminal.  (ECF No. 13-28).  On October 14, 2009, the state court held a sentencing
6  hearing.  (ECF No. 13-29).  On October 27, 2009, the state court entered a judgment of
7  conviction; sentenced Petitioner under the small habitual criminal statute as to Counts
8  1, 2, 3, 5, and 6; and ordered Petitioner to serve concurrent sentences for Counts 1, 2,
9  3, 5, and 6 for a maximum of 240 months to run consecutively to Count 4 for a
10 maximum of 180 months.  (ECF No. 13-30 at 3-4).

11 On November 17, 2009, Petitioner, counseled, filed a notice of appeal.  (ECF No.
12 13-31).  On January 7, 2010, the Nevada Supreme Court issued an order conditionally
13 imposing sanctions on Petitioner's counsel, Michael Sanft, Esq.  (ECF No. 13-32 at 2).
14 The order stated that Sanft had not filed a copy of the case appeal statement, due
15 November 19, 2009, even after the court had issued a notice directing him to file a case
16 statement within ten days.  (*Id.*)  The order stated that it had cautioned Sanft that failure
17 to comply could result in the imposition of sanctions.  (*Id.*)  As of the date of that order,
18 Sanft had not filed the case appeal statement, fast track statement, or appendix.  (*Id.*)
19 The court issued an order of conditional sanctions stating that the sanction would be
20 automatically vacated if Sanft filed a case appeal statement, fast track statement, and
21 appendix within ten days of that order.  (*Id.* at 3).

22 On January 25, 2010, Sanft filed the case appeal statement.  (ECF No. 13-33).
23 On March 19, 2010, the Nevada Supreme Court sanctioned Sanft to $1500 for failing to
24 file a fast track statement and appendix.  (ECF No. 13-34).  On May 3, 2010, Sanft filed
25 the fast track statement.  (ECF No. 13-37).  In the fast track statement, Sanft raised one
26 issue on appeal:  "The principal issue is sufficiency of evidence.  The evidence at trial
27 did not support a finding of guilt beyond a reasonable doubt that Appellant was any
28 more involved than by being merely present." (ECF No. 13-37 at 5).  On June 23, 2010,

the State filed its fast track response. (ECF No. 13-38). On July 15, 2010, the Nevada Supreme Court affirmed the judgment of conviction and issued its remittitur on August 10, 2010. (ECF No. 13-41; ECF No. 13-42).

On May 19, 2011, Petitioner, *pro se*, filed a petition for writ of habeas corpus (post-conviction) in state court. (ECF No. 13-44). In Ground 1, Petitioner asserted that he had been denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and the U.S. Supreme Court's decision in *Strickland v. Washington* due to trial counsel's failure to: (a) file an appropriate pre-trial writ challenging the determination of probable cause; (b) make the state comply with the requirements of Nevada's habitual criminal statute (NRS § 207.010); (c) have bench conferences transcribed (ensure there was a full and complete record of the proceedings); (d) properly voir dire state's witness (Clinton Garr) to prepare for prejudicial testimony; (e) properly address and handle the prosecution's use of videotape at trial; (f) prepare for and use the services of a translator; (g) retain, use, or call an expert witness to testify as to the alleged knife wounds; (h) prepare and present jury instructions; (i) ensure a proper trial court record was made for review on appeal and for use in habeas proceedings; (j) interview the jury after the verdict to determine if there were grounds for a new trial; and (k) properly handle the issue of Petitioner's co-defendant testifying. (*Id.* at 8-18).

In Ground 2, Petitioner asserted that he had been denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and the U.S. Supreme Court's decision in *Strickland v. Washington* due to appellate counsel's failure to: (a) comply with the rules of appellate procedure and those related to fast track appeals (failure to prepare record); (b) secure the trial and appellate record and investigation of potential claims for post-conviction relief; and (c) comply with his post-decision responsibilities (confer, advise, and provide advice/materials). *(Id.* at 19-21). In Ground 3, Petitioner asserted that the cumulative effect of the errors of trial counsel had denied him due process and a fair trial under the Fifth, Sixth, and

Fourteenth Amendments to the U.S. Constitution.  (*Id.* at 23).  In Ground 4, Petitioner asserted that the cumulative effect of the errors of appellate counsel had denied him due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.  (*Id.* at 24).

On July 25, 2011, the State filed its response to the petition for writ of habeas corpus.  (ECF No. 13-48).  On August 15, 2011, the state court issued its findings of fact, conclusions, and law and denied Petitioner's petition for writ of habeas corpus (post-conviction).  (ECF No. 13-50).  On August 16, 2011, the state court filed Petitioner's notice of appeal.  (ECF No. 13-51).  On September 9, 2011, the state court filed Petitioner's second notice of appeal which indicated that the state court had denied his petition for writ of habeas corpus (post-conviction) on August 15, 2011.  (ECF No. 13-54).  On March 30, 2012, the Nevada Supreme Court reversed and remanded the state court's denial of Petitioner's petition and remanded for the appointment of counsel to assist Petitioner in his post-conviction proceedings.  (ECF No. 13-55).  On April 24, 2012, the Nevada Supreme Court issued its remittitur.  (ECF No. 13-56).

On April 25, 2012, the state court appointed Stephanie B. Kice, Esq. as Petitioner's post-conviction counsel.  (ECF No. 13-1 at 31).  On October 9, 2012, Kice filed a supplemental petition in state court and raised the following grounds for relief:

> Ground One:  [Petitioner's] conviction and sentence are invalid under the 1st, 6th, and 14th federal constitutional amendment guarantees of due process and equal protection under the law and Article 1 of the Nevada Constitution because counsel's performance fell below an objective standard of reasonableness as is mandated by *Strickland v. Washington*, 466 U.S. 668 (1984).
>
> Ground Two:  [Petitioner's] sentence constitutes cruel and unusual punishment under the 8th Amendment to the United States Constitution.

(ECF No. 13-57 at 3-4).

On February 22, 2013, the state court held an evidentiary hearing where Sanft testified.  (ECF No. 13-59).  On May 2, 2013, the state court issued its findings of fact, conclusions, and law and denied Petitioner's petition.  (ECF No. 13-62).

On October 18, 2013, Kice filed Petitioner's fast track statement with the Nevada Supreme Court. (ECF No. 13-67). On appeal, Petitioner alleged that trial counsel was ineffective by: (a) failing to seek a pretrial writ challenging probable cause; (b) failing to ensure the court reporter made a record of bench conferences throughout the trial; (c) inadvertently introducing an implication of an uncharged bad act while examining witness Clinton Garr; (d) failing to object to cumulative evidence that resulted in unfair prejudice – the state played the videotape depicting Petitioner's "horns" tattoo for each witness; (e) failing to conduct a thorough examination of witnesses requiring a translator; (f) failing to retain the services of a medical expert to evaluate complainant's wounds and compare such wounds to the weapon Petitioner possessed at arrest; (g) failing to request a record of trial sufficient to allow Petitioner meaningful appellate review; (h) failing to conduct appropriate voir dire; (i) failing to investigate post-trial and adequately consider a motion for new trial; (j) failing to object to the State's unfairly prejudicial cross-examination of Karter Singh; and (k) committing error that, when viewed cumulatively, questioned the reliability of the conviction and sentence. (*Id.* at 8-9). Petitioner also alleged that appellate counsel was ineffective by: (a) failing to secure an adequate record for a meaningful appellate review, and (b) failing to seek or advise Petitioner of the availability of motions for rehearing or a petition for certiorari to the United States Supreme Court. (*Id.* at 9). Petitioner alleged that his sentence was cruel and unusual because it was "so disproportionate to the offense charged that it shocks the conscience." (*Id.*)

On March 12, 2014, the Nevada Supreme Court affirmed the state district court's order denying Petitioner's post-conviction petition for a writ of habeas corpus. (ECF No. 13-69). On April 9, 2014, the Nevada Supreme Court issued its remittitur. (ECF No. 13-70).

On May 15, 2014, Petitioner mailed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody to this Court. (ECF No. 1-1). On July 14, 2015, Petitioner, counseled, filed the first amended petition for writ of

1 habeas corpus. (ECF No. 12).

## II. DISCUSSION

In their motion to dismiss, Respondents argue that the petition is untimely, Grounds 2(a), 2(b), 2(c), 2(d), and 2(e) are unexhausted, and Ground 3 is procedurally defaulted. (ECF No. 16 at 3, 5-6). In response, Petitioner argues that all grounds in the amended petition relate back to the original petition, Ground 2 is unexhausted but is procedurally defaulted under a theory of anticipatory default, and Ground 3 is not procedurally defaulted. (ECF No. 21 at 5, 10, 15). In reply, Respondents assert that Grounds 1 and 2 of the amended petition do not relate back to the original petition, Ground 2 is unexhausted and procedurally defaulted, and Ground 3 is procedurally defaulted and Petitioner cannot demonstrate good cause and prejudice to overcome the default. (ECF No. 22 at 3, 9, 13). The Court will address these arguments in turn.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") enacted a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1, 13.3. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of the judgment." Nev. R. App. P. 36(a). Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

In this case, Petitioner timely filed his original *pro se* petition. On July 15, 2010, the Nevada Supreme Court affirmed Petitioner's judgment of conviction. (ECF No. 13-41). Petitioner's conviction became final on October 13, 2010, after the 90-day period to seek certiorari from the United States Supreme Court expired. The AEDPA statute of

- 7 -

1  limitations began to run on October 13, 2010.  On May 19, 2011, when Petitioner filed
2  his state habeas petition in the state district court, 218 days of his 365 days of un-tolled
3  AEDPA time had elapsed.  The AEDPA limitations period was statutorily tolled until
4  Petitioner's state habeas petition and appeal from the denial of his petition were
5  resolved by the Nevada Supreme Court.  See 28 U.S.C. § 2244(d)(2).  On March 12,
6  2014, the Nevada Supreme Court affirmed the state district court's denial of the post-
7  conviction petition for a writ of habeas corpus.  (ECF No. 13-69).  On April 9, 2014, the
8  Nevada Supreme Court issued its remittitur.  (ECF No. 13-70).  The tolling period under
9  28 U.S.C. § 2244(d)(2) ended with the issuance of the remittitur on April 9, 2014.
10 Thirty-six days later, on May 15, 2014, Petitioner submitted his original federal petition
11 to this Court.  Petitioner timely filed his original federal petition in 254 days, well within
12 the AEDPA statute of limitations.  However, because Petitioner filed his amended
13 petition after the AEDPA statute of limitations expired, the Court must determine if the
14 claims raised in the amended petition relate back to the original petition pursuant to
15 *Mayle v. Felix*, 545 U.S. 644 (2005).

### B. Relation Back:  Grounds One and Two

Pursuant to Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  An amended petition only relates back to the original petition if the amended claims are "tied to a common core of operative facts" as alleged in the original petition.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  In *Mayle*, the Supreme Court held that an amended petition does not relate back to the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Id.* at 650.  The Supreme Court rejected the argument that "the one-year period could be revived simply because [the amended claims] relate to the same trial, conviction, or sentence" as the claims asserted in the original petition.  *Id.* at 662.

- 8 -

### i. Ground One Amended Petition

In Ground One of the amended petition, Petitioner argues that his conviction for conspiracy to commit robbery is not supported by sufficient evidence. (ECF No. 12 at 10). In support of that argument, Petitioner relies on the trial testimonies of Alfred Larios and Karter Singh. (*Id.* at 11-12). Specifically, he alleges that "Larios did not identify [Petitioner] as one of the individuals in the bathroom, or as the person who stabbed or attempted to rob him. Second, and more importantly, Singh, the individual who admitted he stabbed and attempted to rob Larios, testified: (1) [Petitioner] had nothing to do with the robbery; (2) [Petitioner] knew nothing about his intention to rob Larios; and (3) [Petitioner] did not assist him in anyway." (*Id.* at 13).

In the original petition, Petitioner argued that trial counsel was ineffective for failing to file a pretrial writ challenging the determination that probable cause existed as to whether Petitioner had participated in the alleged conspiracy to commit robbery. (ECF No. 4 at 9). Petitioner asserted that the "critical issue then was whether the alleged victim could positively identify the Petitioner." (*Id.*) Petitioner argued that the "alleged victim also said he could not describe Petitioner at the preliminary hearing (and also at the trial)." (*Id.*) Petitioner also asserted that trial counsel was ineffective in handling co-defendant Singh's testimony. (*Id.* at 19). Specifically, he alleged that Singh had testified at trial that Petitioner was not involved at all in the alleged plot to rob the alleged victim and that Singh was so "high" he could not recall committing the crime but was sure that Petitioner was not involved. (*Id.*)

The Court finds that Ground One in the amended petition relates back to the original petition. Both petitions discuss facts related to the trial testimonies of Larios and Singh on the issue of Petitioner's identification and Petitioner's involvement in the robbery conspiracy. Thus, Ground One in the amended petition is "tied to a common core of operative facts" as alleged in the original petition. Ground One of the amended petition is timely filed.

///

### ii. Ground Two Amended Petition

In Ground Two of the amended petition, Petitioner argues that he was denied the right to the effective assistance of appellate counsel under the Sixth and Fourteenth Amendments to the United States Constitution. (ECF No. 12 at 13). Specifically, Petitioner argues that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting each of his convictions, except for conspiracy to commit robbery, based on Larios and Singh's trial testimonies. (*Id.* at 13-30).

In the original petition, Petitioner only challenges his conspiracy to commit robbery conviction. (*See generally* ECF No. 4). However, the other convictions discussed in Ground Two of the amended petition are based on the same facts and trial testimonies as the conspiracy to commit robbery conviction. The Court finds that Ground Two of the amended petition relates back to the original petition because both petitions discuss facts related to the trial testimonies of Larios and Singh on the issue of Petitioner's identification and Petitioner's involvement in the crimes committed. Ground Two of the amended petition is timely filed.

### C. Anticipatory Default/Technical Exhaustion: Ground Two

Petitioner concedes that Ground Two is unexhausted. (ECF No. 12 at 13, 17, 20, 23, 27). Petitioner argues that the Court should deem this claim technically exhausted (anticipatory default) because if he presented this ground to the Nevada Supreme Court now, the Nevada Supreme Court would find the ground procedurally defaulted. (ECF No. 21 at 12-13). Petitioner asserts that he can demonstrate cause and prejudice under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (*Id.* at 13).

"A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Id.* "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from

a violation of federal law." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012) (citing *Coleman v. Thompson*, 501 U.S. at 750)).

In *Martinez v. Ryan*, the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

132 S.Ct. at 1318-19. In *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit held that *Martinez* applies to procedurally defaulted claims of ineffective assistance of appellate counsel. *Id.* at 1289.

In Nevada, claims of ineffective assistance of counsel are properly raised through a post-conviction habeas corpus petition rather than on direct appeal. *Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001). The Nevada Supreme Court has declined to follow *Martinez* and does not permit ineffective assistance of post-conviction counsel to constitute good cause to excuse the procedural bars under NRS §§ 34.726, 34.810.[1] *Brown v. McDaniel*, 331 P.3d 867, 869 (Nev. 2014).

Ground Two of the amended petition alleges that appellate counsel was ineffective for failing to argue that Petitioner's: (a) conviction for burglary while in possession of a deadly weapon was not supported by sufficient evidence; (b) conviction

---

[1] Pursuant to NRS § 34.726(1), a petition that challenges the validity of a judgment or sentence must be filed within one year after entry of the judgment of conviction or within one year after the appellate court issues its remittitur unless there is good cause for the delay. Pursuant to NRS § 34.810(2), (3), a judge must dismiss a second or successive petition if the petition fails to demonstrate good cause for the petitioner's failure to present the claim in the original petition.

- 11 -

for attempted robbery with use of a deadly weapon was not supported by sufficient evidence; (c) conviction for attempt murder with use of a deadly weapon and deadly sentencing enhancement were not supported by sufficient evidence; (d) conviction for battery with intent to commit a crime was not supported by sufficient evidence; and (e) conviction for battery with use of a deadly weapon with substantial bodily harm was not supported by sufficient evidence all based on the trial testimonies of Alfred Larios and Karter Singh. (ECF No. 12 at 13-30). If Petitioner returned to state court to raise this ground for the first time, the Nevada Supreme Court would dismiss the petition because it would be successive and outside the one-year time limit to file a petition. Additionally, in Nevada, the ineffective assistance of post-conviction counsel does not constitute good cause to excuse the procedural bars. As such, the Court finds that Ground Two is technically exhausted and procedurally barred.

To establish "cause" to overcome procedural default under *Martinez*, a petitioner must show: (1) the underlying ineffective assistance of appellate claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the post-conviction review proceeding; (3) the state post-conviction review proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding. *Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013).

In this case, Petitioner establishes the third and fourth requirements because Nevada law requires a petitioner to bring such claims in a post-conviction proceeding. However, because the determination of whether Petitioner satisfies the first and second requirements are intertwined with the merits of Ground Two, the Court will defer ruling on the cause and prejudice issue until the merits of Ground Two are briefed in Respondents' answer and Petitioner's reply brief.

**D. Procedural Default: Ground Three**

Ground Three of the amended petition asserts that Petitioner's sentence violates his right to be free from cruel and unusual punishment under the Eighth and Fourteenth

Amendments to the United States Constitution. (ECF No. 12 at 30). Petitioner asserts that this ground was presented to and decided by the Nevada Supreme Court on appeal from the denial of the post-conviction petition. (*Id.*)

Respondents assert that the Nevada Supreme Court determined that Ground Three was procedurally barred by NRS § 34.810(1)(b)(2) because Petitioner failed to raise the claim on direct appeal. (ECF No. 16 at 6).

Petitioner asserts that Ground Three is not procedurally defaulted because NRS § 34.810 permits the Nevada Supreme Court to employ discretion in determining whether the ground may be properly presented to the court despite not being raised on direct appeal or in a prior petition. (ECF No. 21 at 16). Petitioner asserts that he can show cause and prejudice to overcome any default. (*Id.*)

In an appeal from the denial of the petition for writ of habeas corpus, Petitioner raised the following issue to the Nevada Supreme Court: "[Petitioner's] sentence is cruel and unusual because it is so disproportionate to the offense charged that it shocks the conscience." (ECF No. 13-67 at 9). In its order of affirmance, the Nevada Supreme Court held:

> [Petitioner] contends that the sentence imposed by the district court is disproportionate to the offense and constitutes cruel and unusual punishment. The district court determined that [Petitioner's] "direct appeal claim" was "not cognizable by this court on post-conviction." We agree that [Petitioner] waived his right to challenge the severity of his sentence by failing to pursue the matter in his direct appeal, and conclude that the district court did not err by rejecting this claim. *See* NRS 34.810(1)(b)(2); *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) ("[C]laims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings."), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999).

(ECF No. 13-69 at 4-5).

Nevada Revised Statute § 34.810(1)(b)(2) provides that the "court shall dismiss a petition if the court determines that . . . the petitioner's conviction was the result of a trial and the grounds for the petition could have been . . . raised in a direct appeal or a prior

petition for a writ of habeas corpus or postconviction relief . . . unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner."

Absent showings of "cause" and "prejudice", federal habeas relief will be unavailable when (1) a state court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds. *Walker v. Martin*, 562 U.S. 307, 316 (2011). To qualify as an "adequate" procedural ground, a state rule must be firmly established and regularly followed. *Id.* A discretionary state procedural rule can serve as an adequate ground to bar federal habeas review because a rule can be firmly established and regularly followed even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not in others. *Id.* A state ground may be found inadequate when discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law. *Id.* at 320.

In this case, Petitioner has made no argument that the Nevada Supreme Court has imposed novel and unforeseeable requirements in its application of NRS § 34.810(1)(b)(2). *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) (holding that, after the state pleads the existence of an independent and adequate state procedural ground, petitioner has the burden to assert specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule). Moreover, the Ninth Circuit in a case predating *Walker*, held that NRS § 34.810(1)(b)(2) was a procedural bar that served as an adequate and independent state ground in non-capital cases. *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Accordingly, the Court finds that Ground Three is procedurally defaulted.

In order to overcome a procedural default, a petitioner must "demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim." *Edwards v. Carpenter*, 529

U.S. 446, 451 (2000). To demonstrate "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense" impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented petitioner from raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, a petitioner bears "the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In order to use a claim of ineffective assistance as "cause" for the procedural default, the ineffective assistance claim must have been presented to the state courts as an independent claim first. *Edwards v. Carpenter*, 529 U.S. at 452. "[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id.* at 451.

In this case, Petitioner did not present any ineffective assistance of appellate counsel claims based on his disproportionate sentence to the Nevada Supreme Court. As such, Petitioner has failed to establish cause for his procedural default. The Court dismisses Ground Three.

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Respondents' motion to dismiss the first amended petition (ECF No. 16) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Ground One of the amended petition relates back and shall proceed.

**IT IS FURTHER ORDERED** that Ground Two of the amended petition relates back and may proceed based on technical exhaustion to the extent discussed *supra*.

**IT IS FURTHER ORDERED** that Ground Three is dismissed as procedurally defaulted.

1    **IT IS FURTHER ORDERED** that Respondents shall file and serve an answer to all remaining grounds of the petition within forty-five (45) days from the entry of this order.  The answer shall include substantive arguments on the merits as to each ground of the petition.  No further motions to dismiss will be entertained.

**IT IS FURTHER ORDERED** that Petitioner shall file and serve a reply to the answer within thirty (30) days after being served the answer.

Dated: September 13, 2016.

_____
UNITED STATES DISTRICT JUDGE